United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-30503-EVR-7 |
| **MYRA PARK 635, LLC,** | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| | § | |
| **CLARK RIDGE CANYON, LTD.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 25-03383 |
| | § | |
| **PRIME A INVESTMENTS, LLC, EVA ENGELHART, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF MYRA PARK 635, LLC, FERCAN E. KALKAN, DALLAS COUNTY, RESOLUTION FINANCE, LLC, CIVE, INC., H&E EQUIPMENT SERVICES, INC., and BIG D CONCRETE, INC.,** | § | |
| | § | |
| Defendants. | § | |

**STIPULATION, AGREED JUDGMENT, AND JUDGMENT BY DEFAULT**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Clark Ridge Canyon, Ltd., Defendant Prime A Investments, LLC, Defendant Eva Engelhart, Chapter 7 Trustee of the Bankruptcy Estate of Myra Park 635, LLC, Defendant Dallas County, Defendant Resolution Finance, LLC, and Defendant CIVE, Inc., have reached a resolution

of this action as evidenced by the signatures of their counsel of record below, and stipulate[1] as follows:

**STIPULATED FACTS**

1. On May 5, 2020, Myra Park 635, LLC (the "Debtor") acquired title to Tract 1 - 6.115 acres of land in Farmers Branch, Dallas County and Tract 2 - 0.084 acres of land in Farmers Branch, Dallas County (the "Property") from Prime A Investments LLC ("Prime") by a Special Warranty Deed recorded in the real property records of Dallas County, Texas as Instrument No. 202000115073.

2. Substantially concurrent with the recording of the Special Warranty Deed, Prime recorded a Supplemental Agreement in the real property records of Dallas County, Texas, as Instrument No. 202000115074, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

3. The Supplemental Agreement has an Effective Date of May 1, 2020, and makes reference to an Agreement for Purchase and Sale of Real Property and Joint Escrow Instructions dated as of June 28, 2018, as amended by the first through ninth amendments (the "Purchase Agreement"). The Supplemental Agreement requires the Debtor to construct a senior living community on the Property and provides that if the Debtor did not commence construction within 24-months of the Effective Date or complete construction within 48-months of the Effective Date then Prime had an option to repurchase the Property (the "Option").

4. First Guaranty Bank ("FGB") entered into a Construction Loan Agreement dated August 12, 2021, with the Debtor. In connection with the Construction Loan Agreement, the Debtor executed a Promissory Note dated August 12, 2021 in favor of FGB in the principal amount

---

[1] The signatures of counsel for County and RF indicate only stipulations to Paragraphs 13 and 14 infra. No other stipulations are made by RF and/or County.

2

of $33,081,329.00, and a Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing (the "Deed of Trust"), recorded in the real property records of Dallas County, Texas, on August 16, 2021, as Instrument No. 202100243457, which granted a lien on the Property to secure repayment of the Debtor's obligations under the Promissory Note and the Construction Loan Agreement.

5. The purpose of the FGB loan was to finance the construction of an independent senior living facility on the Property, comprising several apartment buildings and a six-story parking garage.

6. The Debtor drew on the FGB construction loan and commenced construction of the independent senior living facility on the Property specifically site work and partial construction of the parking garage, but construction work on the Property ceased in 2023.

7. FGB assigned the Promissory Note, Construction Loan Agreement, Deed of Trust, and other loan documents to Plaintiff Clark Ridge Canyon, Ltd. ("CRC") by an Assignment of Note and Liens recorded on August 30, 2023, in the real property records of Dallas County, Texas, as Instrument No. 202300175964.

8. CRC claims a security interest in the Property by virtue of the Promissory Note, Construction Loan Agreement, FGB Deed of Trust, and Assignment of Note and Liens.

9. The Debtor filed its petition for relief under chapter 11 of the United States Bankruptcy Code on February 5, 2024.

10. On October 17, 2024, this Court entered its Order Confirming Debtor's Plan of Reorganization (the "Plan"). The Plan provided for payment in full of all creditors from the proceeds of a refinance loan of $52.65 million to be obtained from Westview Capital which refinance was required to close by December 16, 2024.

11. The Debtor was unable to consummate the Plan and on April 22, 2025, the Court entered its Order Converting Case under Chapter 11 to Case under Chapter 7.

12. Defendant Eva Engelhart, Chapter 7 Trustee of the Bankruptcy Estate of Myra Park 635, LLC (the "Trustee") is the duly appointed chapter 7 trustee of the bankruptcy estate of the Debtor.

13. Defendant Dallas County ("County") is a governmental entity in Texas and claims an interest in the Property by virtue of a statutory tax lien to secure payment of ad valorem taxes.

14. Defendant Resolution Finance, LLC ("RF") claims an interest in the Property by virtue of transferred tax liens and other documents (including but not limited to a Tax Lien Contract recorded on February 21, 2023, in the real property records of Dallas County, Texas, as Instrument No. 202300032635, and a Certified Statement of Transfer of Tax Lien recorded on March 15, 2023, in the real property records of Dallas County, Texas, as Instrument No. 202300049602).

15. Defendant CIVE, Inc. ("CIVE") claims an interest in the Property by virtue of a Second Amended and Restated Affidavit for Mechanic's and Materialman's Lien and Constitutional Lien, recorded on December 13, 2023, in the real property records of Dallas County, Texas, as Instrument No. 202300250323.

16. Defendant H&E Equipment Services, Inc. ("H&E") claims an interest in the Property by virtue of an Affidavit for Mechanic's and Materialman's Lien, recorded on September 21, 2022, in the real property records of Dallas County, Texas, as Instrument No. 202200252298.

17. CRC commenced this adversary proceeding seeking declaratory judgment that the Option is void and unenforceable.

18. Kalkan, H&E, and Big D, although duly served with summons and complaint, have failed to answer or otherwise respond to the complaint, and default has been entered against them

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure.

19. Prime has stipulated that it irrevocably declines to exercise the Option such that the Option is fully and finally extinguished; provided that the Use Restrictions set forth in the Supplemental Agreement, as amended and restated in the attached Exhibit "B" hereto, are not affected by this stipulation, this judgment, or their implementation.

## **AGREED JUDGMENT AND JUDGMENT BY DEFAULT**

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing stipulated facts are adopted as findings of fact.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that this Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and a matter which the Court may constitutionally adjudicate and enter final judgment. This Court has personal jurisdiction over the parties. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Kalkan, H&E, and Big D, though duly served with summons and complaint, failed to answer or otherwise appear and default has been entered against them, the effect of which is that the well-pleaded allegations of the complaint are taken as true as to these Defendants. As to these Defendants, this otherwise Agreed Judgment is a default judgment binding on such defaulting Defendants in all respects.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that the Option set forth in paragraph 1 and subparagraphs A, B, C, D, and E of the Supplemental Agreement is

declined by Prime and accordingly irrevocably extinguished and is of no further force and effect.

Nothing in this Agreed Judgment or its implementation shall affect the Use Restrictions set forth in paragraph 2 of the Supplemental Agreement, as amended and restated in the attached Exhibit "B" (which, *inter alia*, omits further reference to the Option).

IT IS FURTHER HEREBY ORDERED that, within fifteen (15) days following entry of this Agreed Judgment, Plaintiff CRC, the Trustee (as Chapter 7 trustee of the Debtor, Myra Park 635, LLC and as its successor administrator thereof by law), and Prime shall execute and cause to be filed in Dallas County, Texas, the attached Exhibit "B"  Thereafter, the Supplemental Agreement, as so amended and restated, shall be binding on all parties in interest in the property (save and except RF or County), including without limitation the Defendants herein who are not signatories to Exhibit "B" hereto (including those agreeing as to form below and those defaulting as to this Adversary) and upon all of their successors in interest and assigns, notwithstanding any foreclosure, sale, or sale "free and clear" under 11 U.S.C. § 363; provided that nothing in this Agreed Judgment prevents Prime and the holder of record title to the Property (including the Trustee) from further amending the Supplemental Agreement, as amended and restated by Exhibit "B," by further agreement.

IT IS FURTHER HEREBY ORDERED that:

(a) Nothing in this Agreed Judgment affects the nature, extent, or priority of the tax liens held by RF or County or the amount owed to such parties; and all claims against RF and County are hereby DISMISSED without prejudice; and

(b) This Agreed Judgment shall be recorded in the real property records of Dallas County, Texas.

All relief not expressly granted herein is denied.  This Agreed Judgment disposes of all claims and all parties and is a final and appealable judgment.

Signed: October 01, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

AGREED AS TO FORM AND CONTENT
AND ENTRY REQUESTED BY:


*/s/ J. Robert Arnett II*
J. Robert Arnett II
Texas State Bar No. 01332900
Email: barnett@carterarnett.com
**CARTER ARNETT PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Tel.: 214-550-8188 | Fax: 214-550-8185

**Attorneys for Clark Ridge Canyon, Ltd.**


*/s/ J. Michael Sutherland*
J. Michael Sutherland (msutherland@ccsb.com)
Texas Bar No. 19524200
Southern District Admin. No. 13736
**CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214-855-3000

*Counsel for Prime A Investments, LLC*

AGREED AS TO FORM AND CONTENT
AND ENTRY REQUESTED BY:


*/s/ Marc Douglas Myers*
Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com

COUNSEL FOR THE TRUSTEE


*/s/ T. Josh Judd*
T. Josh Judd
SBN: 24036866
ANDREWS MYERS, PC
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com

Counsel for CIVE, Inc.


*/s/ Howard Marc Spector*
Howard Marc Spector
TBA#00785023
SD#23274
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com

ATTORNEY FOR RESOLUTION FINANCE, LLC

AGREED AS TO FORM AND CONTENT
AND ENTRY REQUESTED BY:


*/s/ John K. Turner*
John K. Turner
Texas Bar No. 00788563
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Ave., Suite 800
Dallas, TX 75219
Ph. No. (214) 880-0089
Direct (469) 221-5125
Fax No. (469) 221-5003
John.turner@lgbs.com

ATTORNEYS FOR DALLAS COUNTY